THE FIRST NATIONAL BANK OF BRATTLEBORO *v.* THE WEST RIVER RAILROAD COMPANY AND FREDERICK BROWN.

[IN CHANCERY.]

*Bill of Interpleader.  Practice.  Appeal in Chancery.*

To a bill of interpleader, one of the defendants demurred, and the other appeared, but did not demur or answer, but confessed the allegations of the bill.  The court overruled the demurrer and sustained the bill, and thereupon, without other decree, ordered and decreed that the fund belonged to the demurrant, and that the same be paid to him; from which decree the orator and the other defendant appealed.  *Held,* error, and that the case was irregularly before the supreme court; that such confession of the allegations of the bill, was not a relinquishment of that defendant's claim to the fund, and a consent that it might go to the demurrant; that the court, upon sustaining the bill, should have ordered the fund paid into court, and dismissed the orator from being a further party to the bill, with costs to be paid out of the fund, and, the case not being ripe for hearing between the defendants, have ordered an issue formed between them, and when formed and proofs taken, should have heard them on such issue, and made a decree settling their respective rights.

The defendant railroad company had commenced the construction of its road over the lands of the defendant B., and had deposited the amount of the land damages awarded B. by the commissioners, in the plaintiff's bank, as provided by statute, for which the bank had issued a certificate of deposit to B.  While said work was in progress, and before much of B's land had been taken, said company was enjoined at the instance of other parties, from the further prosecution of work upon its road; whereupon it forbade the orator to pay B. the sum so deposited, because it had taken but a small portion of the lands of B. for which said damages were awarded, and had damaged said lands to a much less extent than the amount of the damages awarded.  B. claimed such deposit, and demanded the same of the orator, and upon its refusal to pay the same to him, brought suit at law therefor.  The orator claimed no interest in said fund other than as a stakeholder.  *Held,* that the orator could sustain a bill of interpleader against the defendants in respect to said fund.

81

APPEAL from the court of chancery. The bill alleged that the West River Railroad Company, a corporation created by an act of the legislature of the state of Vermont, was, by its charter and an amendment thereto, authorized to construct a railroad from Jamaica, in the county of Windham, through the valley of West River, to Brattleboro, in said county, and thence through so much of the towns of Brattleboro and Vernon as should be necessary to reach Massachusetts line, in said Vernon, or in connection with building its whole line, to consolidate with any other railroad or railroad company, so as to form a continuous line of railroad from said Jamaica to Massachusetts line ;, that said railroad company had duly organized under its charter, and surveyed and located its railroad on the route aforesaid, and designed to form a continuous line of road from said Jamaica to Massachusetts line, by connecting with the Western New Hampshire Railroad, through the west part of Hinsdale, in the state of New Hampshire ; that in October, 1869, said West River Railroad Company applied to two of the judges of the supreme court of this state, to appoint commissioners to appraise damages to lands taken by said company in Vernon, for the construction of said railroad, and that said judges appointed Asa Keyes, George Newman, and Addison Whithed, commissioners for that purpose ; that said railroad so surveyed and located from the Connecticut River, southward, through said Vernon to Massachusetts line, extended through lands of Frederick Brown, and that said commissioners, upon hearing, appraised and awarded as damages to said Brown for his lands so taken, the sum of eleven hundred dollars, which said sum said company, on the 5th day of December, 1870, pursuant to the statute in such case made and provided, duly deposited with the orator, and the orator made and delivered to said Brown a certificate of deposit therefor ; whereupon said company entered upon said lands of said Brown, and upon other lands in said Vernon on which said road had been surveyed and located, and by its contractors, servants, and agents, began to build, grade, and construct its said railroad ; that while said work was in progress, and when but a small portion of the lands of said Brown so appraised, had been disturbed or occupied by said com-

pany, said company and its servants, agents, and contractors, were enjoined by the injunctions of the court of chancery, in said county, upon the bills of complaint of the Vermont & Massachusetts Railroad Company and the Rutland Railroad Company, and of Lorenzo Brown, Mary C. Brown, and Hiram Doolittle, from the further prosecution of said work upon said road, and that since the service of said injunctions on the 14th day of November, 1870, the lands of said Brown had not been occupied or disturbed by said company; that after the service of said injunctions, said West River Railroad Company ordered the orator to withhold from said Brown the payment of said deposit, and assigned as a reason therefor, that said company, by reason of said injunctions, had entered upon and taken but a small portion of the lands for which said damages had been awarded him, and that the actual damage to his lands was not more than three hundred dollars, and that said company was not liable to pay him the full amount so awarded him; that said Brown subsequently demanded of the orator the entire amount of said deposit, and upon the orator's refusal to pay him the same, he brought his action at law against the orator, returnable at the April term, 1871, of Windham county court, to recover the same; that the orator was a mere stakeholder of said funds, having no interest whatever in said controversy; that said company on one hand, forbid the orator from paying said deposit to said Brown, and on the other hand, said Brown demanded the same, and had brought his suit against the orator therefor, and that the orator was unable to determine to which party said funds justly belong, and that the orator was ready and willing to pay the same to whichever party was entitled thereto; and insisted that said company and said Brown ought to interplead, and settle their respective rights to said funds, and be restrained from proceeding at law against the orator.

Prayer, that said West River Railroad Company and said Brown interplead, and settle their rights to said funds under the direction of the court, the orator being ready and willing to pay the same to whom it shall of right belong, and offering to bring the same into court for whichever party shall be entitled thereto, and that said parties be restrained by injunction from prosecuting

any actions at law against the orator, until their respective rights to said funds, be determined by decree of court.

The defendant Brown demurred to the bill for want of equity, and because it appeared thereby that he was legally and equitably entitled to said fund, and did not appear thereby that the orator was a mere stakeholder of the fund, nor that it could not be otherwise protected from unjust litigation in the premises, nor that all the rights and liabilities of the parties could not be settled in the suit brought by the said defendant against the orator as aforesaid.

The court, at the September term, 1873, BARRETT, Chancellor, overruled the demurrer, and sustained the bill, and decreed that said fund, with interest thereon from the 5th day of December, 1870, belonged to, and was the property of, the said Brown, and that the West River Railroad Company had no right or interest therein, and that the orator pay the same, with interest, to the said Brown, within thirty days from the date of the decree, together with the costs of said suit at law up to the time of filing said bill,—all costs since filing said bill, to be paid by said railroad company. It was stipulated that the decree might be so amended as to show that said railroad company appeared by solicitor, but did not answer or demur to the bill, but confessed the allegations thereof, provided the orator should, on the first day of the then next term of the supreme court in said county, bring said fund into court, with six per cent. interest thereon from the time of said demand, and deposit the same with the clerk of said court, for the benefit of whichever defendant said court should decide was entitled thereto, and that upon failure so to deposit said fund, said decree should be affirmed without hearing; and the decree was signed subject to said stipulation. Appeal by the orator and the West River Railroad Company.

Said railroad company filed a motion in this court, alleging that by misunderstanding and mistake, it had had no opportunity to answer the bill, or to be heard in the court of chancery, and asking to have said decree reversed, *pro forma*, and the cause remanded to the court of chancery, that said company might be permitted to make answer to the bill, and to set up therein its claim

to said fund, and the facts in support thereof, and to prove such facts if denied, and to interplead with said Brown in respect to said fund. Said motion was accompanied by the affidavit of the company's solicitor, setting forth the circumstances of such misunderstanding and mistake, and the facts as claimed by the company in relation to the main case.

*E. J. Phelps* and *Field & Tyler*, for the West River Railroad Company.

The decree of the chancellor on the demurrer of the defendant Brown, and before an answer by the railroad company or opportunity therefor, disposing of the fund in question as between the defendants, was entirely irregular and erroneous. No such decree was authorized by the record. Either the bill should have been dismissed, or the parties ordered to interplead. 3 Dan. Ch. Pr. 1765; Story Eq. Pl. § 297. And if an interpleader was allowed, the rules of the court entitled the railroad company to forty days after the term to answer, and then to take proofs in support of the answer if traversed.

If there can be any doubt on this point, then the decree should, upon some terms, be reversed, *pro forma*, and an opportunity given this defendant to answer and be heard; inasmuch as the decree was a surprise upon the company, and arose from an actual misunderstanding and mistake on the part of its solicitor, without negligence or default on his or its part, and results in great injustice. Had this defendant demurred to the bill, and, the demurrer being overruled, appealed to this court, and the decree been affirmed, a *pro forma* reversal, with leave to answer, would still be allowed, if the demurrer had been filed in good faith.

Upon the facts stated in the bill and in the affidavit accompanying the motion, the defendant Brown is not entitled to the fund in question, and only to his actual damages. These damages may be ascertained by reference in this suit, or recovered at law.

*C. N. Davenport,* for the defendant Brown.

The bill shows no colorable right to the $1,100, in avor of the West River Railroad Company. The orator is not a stakeholder.

The facts alleged in the bill show that Brown has a vested right and indefeasible title to this deposit, and that the orator is acting in its own wrong, in withholding from him his money. His right to that money became absolute against the railroad company when it surveyed and located its railroad upon his lands, and proceeded, under the statute, to have those lands sequestered to its use by procuring an appraisal by commissioners, and depositing their award in the defendant's bank to Brown's credit. His right became absolute against the bank when the cashier issued to him a certificate of deposit, and he signified his acceptance of the award by demanding payment, or suffering ninety days to elapse without appeal. Gen. Sts. ch. 28, § 17. By the proceedings detailed in the bill, ending with the deposit of $1,100 to Brown's credit, the West River Railroad Company, in the language of the statute, " shall be deemed to be seised and possessed of all such land or other property as shall have been appraised by said commissioners." It thereby acquired a vested right to an easement in the land for railroad purposes. It had obtained from the legislature the power to exercise the right of eminent domain upon Brown's property. This right carried with it the correlative right of the land-owner to compensation. Whenever the right to enter upon Brown's land, to grade and construct a railroad upon it, becomes vested in the company, that moment he acquired a vested right to the compensation awarded and deposited as required by law. When thus vested, no act of the company by changing the location of its railway, or by wholly abandoning the land, could divest him of what, under the constitution and laws, was the equivalent of the land. These *axioms* of the law are uncontradicted by any case yet decided, or book yet written, and distinctly recognized and acted upon in the following cases : *Stacey* v. *Vt. Central R. R. Co.*, 27 Vt. 39 ; *Hampton* v. *Coffin*, 4 N. H. 517 ; *Westbrook* v. *North*, 2 Greenl. 179 ; *Hawkins* v. *Rochester*, 1 Wend. 53 ; *Baltimore & Susquehanna R. R. Co.* v. *Nesbit*, 10 Howard, 395 ; *Harrington* v. *Berkshire*, 22 Pick. 267. Prior to the enactment of the statute, ch. 24, §§82, 83, a case arose in this county, which has never been reported. A highway was laid out and established in Townshend, damages awarded, and

the road subsequently discontinued. The land-owner sued for his damages, and Townshend brought a bill in chancery to restrain the collection of the award. This court dismissed the bill. The principle is precisely the same in case of a railroad as a highway. *Courser* v. *Vt. Central R. R.* 25 Vt. 476.

The phrase, "Seised and possessed of all such land," &c., as used in this statute, means, seised of such an estate or easement in the land as is necessary for the purpose of a railroad. This form of expression, says Judge REDFIELD, "Seems to have been adopted by design, and with a view to limit the estate of the company strictly to their necessity." *Quimby* v. *Vt. Central R. R.* 23 Vt. 387 ; *Hatch* v. *Vt. Central R. R.* 25 Vt. 49 ;. *Stacey* v. *Vt. Central R. R. supra ; McAulay* v. *Western Vt. R. R.* 33 Vt. 311. We have thus far considered the case in the most favorable aspect possible for the orator and our co-defendant. But this case is far stronger in its elements for defendant Brown than those cited above. The court will look in vain in the orator's bill, for any allegation that the West River Railroad Company have abandoned the right which they obtained under the statute, to construct a railroad upon his land. All that is shown in this respect, is, that other parties have obtained a temporary injunction which has resulted in a suspension of work. Again, it appears on the face of the bill, that Brown has been damaged to the amount $300. The bill shows no offer of compensation, and points out no way for the defendant to obtain it, unless entitled to this award.

Just what disposition should be made of this bill, I am not certain. A bill of interpleader will not be sustained where it appears from the bill itself, that one of the defendants is clearly entitled to the fund to the exclusion of the other. 3 Dan. Ch. Pr. 1758 ; *M. & H. R. R. Co.* v. *Clute*, 4 Paige, 484. The orator, if it has any defence to Brown's suit, could make that defence at law as well as in equity. It could protect itself against any claim of the railroad company, by vouching it in to defend Brown's suit to recover the deposit. " Bills of interpleader should not be encouraged, nor should they be filed, except in a case where the plaintiff can in no other way protect himself from an unjust litigation in which he has no interest." 3 Dan. Ch. Pr. 1754 ; *Bedell*

v. *Hoffman,* 2 Paige, 199 ; *Badeau* v. *Rogers,* 2 Paige, 209.  Again, it is not quite clear that this case is rightfully here.  The West River Railroad Company has neither answered nor demurred.  It has done what is equivalent to permitting the bill to be taken as confessed.  It has no such status on the record, as entitled it to an appeal from the decree of the chancellor.  Who then brings the case here ?  The orator cannot, for he has accomplished his purpose when the chancellor has ordered the defendants to interplead, and having interpleaded, decreed that the orator should pay the fund to Brown, and the railroad company pay the costs.  I think this is the first case where a " mere stakeholder " has attempted to litigate through an interpleader, with one of the claimants of the fund.

A demurrer is the proper method for the defendant Brown to assert his right, and show that his co-defendant has none ; the whole case appears upon the face of the bill. 3 Dan. Ch. Pr. 1764.

The opinion of the court was delivered by

Ross, J.  If the facts disclosed in the orator's bill, were not sufficient in law to entitle it to invoke the power of the court of chancery to compel the defendants to interplead and settle their rights to the $1,100 which the orator held, the court of chancery should have adjudged the bill insufficient on the demurrer of defendant Brown, and have dismissed the same.  This would have remitted the orator and defendant Brown to the suit at law already pending in favor of Brown against the orator.  The court overruled the demurrer, and decreed that the orator's bill of interpleader be sustained, and, without defaulting the defendant railroad company, or directing any issue to be found and tried between the defendants, decreed the fund in the hands of the orator to be paid to the defendant Brown.  From this decree, the orator brought the case by appeal to this court.  From this statement several irregularities are manifest.  When the court of chancery sustained the orator's bill as a bill of interpleader, it should have ordered the orator to pay the fund into court, allowing the orator its costs out of the fund, and have dismissed the orator from being a further party to the proceedings.  If the case was then ripe

for a hearing between the defeedants, the court should have pro-
ceeded to have heard the matter at issue between them, and made
a decree accordingly.  If, as was manifestly the fact, the case
was unripe for a hearing between the defendants, the court should
have ordered an issue formed between the defendants, and when
formed, and the proof adduced on each side, should have heard
the defendants on that issue, and made a decree settling their
respective rights to the fund.  The orator would have no interest
or occasion to appeal from the decree of the court disposing of
the fund.  We have in this case, this anomalous condition of things ;
a decree sustaining the orator's bill as a bill of interpleader, just
what the orator prayed for, and the orator appealing from that
decree ; the bill sustained as a bill of interpleader ; no issue
joined by the defendants, and no hearing on the question at issue
between them ; and a decree awarding the fund to be paid to de-
fendant Brown.  We think it is entirely clear from the statements
in the bill, that the matter at issue between the defendants, was
unripe for hearing, and that the decree as made up, is a very
unripe decree, and the case irregularly brought to this court.
Doubtless, most of this anomalous condition of things, was occa-
sioned by the failure of the defendant railroad company's solici-
tor to enter his name on the docket.  It is stipulated that he ap-
peared, but did not answer nor demur, but confessed the allega-
tions in the bill.  He might well confess the allegations in the
bill, so far as the orator was concerned, if he was willing that the
bill should be sustained as a bill of interpleader ; but that was not
a confession that it thereby relinquished its claim upon the fund,
and that defendant Brown might take the same.  Until the inter-
pleader was awarded, the railroad company was defendant to the
orator, and not to its co-defendant, Brown.  If after the court had
ordered the defendants to interplead, and had fixed a time in
which they should severally answer and set forth their respective
claims to the fund, the defendant railroad company had failed to
appear and put in its answer, that might have been treated by the
court as a confession that it abandoned the claim it had before
made to the fund, and have warranted a decree in favor of de-
fendant Brown.  The court in the same breath, as far as can be

82

gathered from the decree, decreed that the defendants should interplead, and that the pleading of the defendant railroad company should not be heard, because its solicitor had not entered his name on the docket. All this was premature, and the case irregularly brought here by the appeal of the orator. We might dismiss the appeal because it is irregularly brought here ; but that would not do justice between these defendants. We are entirely satisfied that the court was correct in sustaining the bill as a bill of interpleader. The orator is a mere stakeholder, claiming no right to the fund. The defendant railroad company had paid the fund into the bank, to have the bank pay it over to Brown. Before Brown called for the fund, the railroad company had been enjoined from constructing its road on Brown's land, and thereupon forbade the orator to pay the fund to Brown, and claimed he was not entitled to it. From the facts stated in the orator's bill, it is not entirely clear what may be the respective rights of the defendants to this fund. From the affidavit filed by the railroad company on its motion to have the decree reversed, *pro forma*, and sent back, the right of Brown to a portion of this fund may, at least, be doubtful. We therefore reverse the decree of the court of chancery, *pro forma*, and send the case back to that court, with a mandate to proceed with said cause as a bill of interpleader.