Argued October 30; decided December 9, 1895.

## NORTH PACIFIC LUMBER CO. *v.* LANG.
### [42 Pac. 799.]

1. NECESSARY ALLEGATIONS FOR A BILL OF INTERPLEADER.—A bill of interpleader must show that two or more persons have presented claims against complainant for the same thing; that complainant has no beneficial interest in the thing claimed; and that he cannot determine without hazard to himself to which of the several claimants the thing belongs; and that there is no collusion with any of the defendants.

2. PRACTICE ON PRESENTING BILL OF INTERPLEADER.— The orderly practice upon the interposition of a bill of interpleader is to determine whether the interpleader will lie or not, and, if it will, to discharge the plaintiff with his costs, upon bringing the money or thing in dispute into court ; and the suit should thereafter proceed upon issues joined between the defendants. The making up of these issues may be accomplished in whatever way seems best adapted to secure an orderly and intelligible presentation of the rights of the contending parties.

3. WHAT DEFENDANTS MAY INTERPLEAD.— One of the essential requisites of a bill of interpleader is a showing of a privity of some sort between the defendants, and that the various claims are of the same nature and character. Thus, a holder of a certain fund which is the purchase price of sundry saw logs, cannot oblige various claimants of such fund to interplead with other persons who are setting up claims against the holder of the fund for unliquidated damages—one of such classes being for claims arising *ex contractu* and the other for claims arising *ex delicto;* one set of claims being against the fund, and the other set being against the holder of the fund.

4. CONFLICT OF LAWS — JURISDICTION TO ENFORCE LAWS OF ANOTHER STATE. —It would seem that a statutory lien of one state ought to be enforced in the court of another state having jurisdiction of the subject matter and parties, unless there is a prescribed procedure for its enforcement which attaches as a part of the liability, or unless its enforcement would be against good morals or natural justice, or prej-

udicial to the general interests of the citizens of the forum, under the general principles discussed in *Aldrich* v. *Anchor Coal Company*, 24 Or. 32, but this point is not decided.

5. ENFORCEMENT OF LIENS OF ANOTHER STATE.—Where the statute of Washington provided that a lien on saw logs should not be binding for more than twelve months, unless a civil action should be brought within that time to enforce such lien, and a suit was commenced in Washington in due time, but the logs where thereafter removed to Oregon before a decree was entered, a suit cannot be maintained in Oregon after the twelve months have expired, for the property having been beyond the jurisdiction of the Washington court when the decree was entered, the lien was not fixed thereby, even conceding that the lien can be enforced in Oregon.

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

About March first, eighteen hundred and ninety-three, one Matti Makarainin, at plaintiff's instance, sold and delivered to it certain saw logs of the reasonable value of some three hundred and thirty-one dollars, from which the sum of two dollars and seventy cents was to be deducted as scaling charges, leaving a balance due from plaintiff of about three hundred and twenty-eight dollars, which Makarainin assigned two days thereafter to Eli Maketa, and he to defendant Lang and Company on the seventh of the same month. After the sale Makarainin gave to the defendant Matthieson an order upon plaintiff for forty dollars, which was accepted subject to the ascertainment of the balance due Makarainin, prior, as Matthieson claims, to the assignment. On the twenty-first day of March, eighteen hundred and ninety-three, M. P. Callender caused the moneys due from plaintiff to be attached to secure in part a claim of some three thousand four hundred and ninety-two dollars against Makarainin. The defendants Lang and Company, as the holders of the Makarainin claim, having, on June first, eighteen hundred and ninety-three, commenced

an action against plaintiff in the Circuit Court of the State of Oregon for Multnomah County to recover the said sum of three hundred and twenty-eight dollars and sixty-one cents, the plaintiff, on the third day of October, eighteen hundred and ninety-three, and before its time to answer or otherwise plead had expired, filed a bill of interpleader setting forth the foregoing facts, and further alleging "That defendants C. O. Bergman and John Linkman also claim said sum of money * * * under and by virtue of a certain judgment by them heretofore obtained against said Makarainin, and claimed by them to be duly levied upon said saw logs so sold to plaintiff, and upon said sum of three hundred and twenty-eight dollars and sixty-one cents now remaining in the hands of plaintiff." A motion to make the bill more definite and certain having been overruled, the defendant Callender was, by consent, defaulted, and the other defendants filed answers and cross-complaints. Separate demurrers were interposed by Lang and Company and Matthieson to each of the answers and cross-complaints of Bergman and Linkman, which demurrers were sustained December fourth, eighteen hundred and ninety-three, and failing to plead further default, was entered against them on the fifteenth day of February, eighteen hundred and ninety-four, and at the same time the court further decreed "That said defendants John Linkman and C. O. Bergman and each of them are not entitled to any of the money interpleaded by the plaintiff and deposited in this court, and that the other parties herein, or the claim or claims of those which shall hereafter be found to be entitled thereto, are declared to be prior to the claim of either of said defendants C. O. Bergman and John Linkman." On February twenty-third, eighteen hundred and ninety-

four, the court, with the consent of Lang and Company and Matthieson, entered a decree declaring the costs of litigation a first lien on the fund, and directing plaintiff to pay Matthieson forty dollars, and the balance remaining of said fund to Lang and Company. On February twenty-fourth Bergman moved the court for default and judgment against plaintiff upon the ground that it had failed to answer or reply to his answer and cross-complaint, and at the same time Bergman and Linkman moved the court to set aside and vacate the orders of December fourth, eighteen hundred and ninety-three, and February fifteenth, eighteen hundred and ninety-four, and for a rehearing upon the demurrers of Matthieson and Lang and Company. On March sixteenth, eighteen hundred and ninety-four, the court set aside the decree of February twenty-third, but refused to disturb the previous orders and decrees, or to give judgment by default against plaintiff. On March twenty-ninth Lang and Company moved for a decree in their favor upon the pleadings, and at the same time plaintiff demurred to the answers and cross-complaints of Bergman and Linkman. The motion was overruled and the demurrers sustained, whereupon Bergman and Linkman were granted leave to file amended answers and cross-complaints, which they did April twenty-seventh, eighteen hundred and ninety-four. To these plaintiff interposed a motion (but it does not clearly appear from the record whether it was to strike out part of or all the denials because not proper amendments of the original answers), together with demurrers to the new matter for the reason that it does not state facts sufficient to constitute a defense to the suit, which were sustained June sixteenth, eighteen hundred and ninety-

28 OR.—18.

four, and thereupon the court decreed that a proper case for interpleader had been shown; that plaintiff should not be taxed with the costs, and should be allowed five dollars as attorney's fees; that Matthie son has a first lien upon the fund for forty dollars; and that Lang and Company have a valid claim for the balance; but that the costs and said five dollars attorney's fees be paid first out of the said fund.

From this decree C. O. Bergman and John Linkman appeal. Bergman, by his amended answer and cross-complaint, in effect denies only the allegations of the complaint relating to the defendants, Matthieson, Lang and Company, and Callender, and then proceeding sets up affirmatively the acquirement of certain loggers' liens upon said logs by himself and certain other persons under and by virtue of the laws of the State of Washington, all which had been duly assigned to him in Lewis County in said state; that on October twenty-seventh, eighteen hundred and ninety-two, and within twelve months after said liens were filed, he commenced a suit in the superior court of said Lewis County to foreclose said liens, and thereafter, on March tenth, eighteen hundred and ninety-three, obtained a decree for two thousand eight hundred and fifty-five dollars and seventy-five cents, and for the foreclosure of said liens, which remains wholly unsatisfied; that the plaintiff, without his consent, and with full knowledge of his rights and equities, and of the fact that said claims of lien on said logs had been filed and suit begun to foreclose the same, eloigned, removed, and transported eighty-nine thousand nine hundred and seventy-five feet of said logs, being the same logs mentioned in the complaint, to Portland, in the State of Oregon, about the first day of March, eighteen hundred and ninety-three, and thereafter

sawed the same into lumber, thereby rendering identification uncertain and difficult, of all which the other defendants had full notice and knowledge. The prayer is that the claims of the other defendants, except Linkman, be declared void as to him, that plaintiff's complaint be dismissed, and that said plaintiff be decreed to pay him (the said Bergman) the full sum of three hundred and thirty-one dollars and thirty-one cents to be divided *pro rata* between him and Linkman according to their several demands, and for such other relief as may seem meet in equity. The answer and cross-complaint of Linkman is of like import.

MODIFIED.

For appellants Bergman and Linkman there was a brief by *Messrs. Reynolds and Stewart* and *Milton W. Smith,* and an oral argument by *Mr. David Stewart.*

For respondent North Pacific Lumber Company there was a brief and an oral argument by *Mr. Thomas N. Strong.*

For respondents Lang and Company there was a brief by *Messrs. Cox, Cotton, Teal and Minor,* and an oral argument by *Mr. Joseph N. Teal.*

Opinion by MR. JUSTICE WOLVERTON.

1. It is not attempted by the foregoing statement to set forth or take note of all papers filed or all orders of the court, but the endeavor has been to state sufficient of the record to enable this opinion to be understood. The record is encumbered with many papers which were perhaps unnecessary, and might have been omitted if the ordinary practice attending a bill of interpleader had been pursued. The complaint or

bill of interpleader filed by plaintiff seems on its face to state sufficient for the purposes of the suit. Such a bill will lie where two or more persons claim the same thing or debt or duty from the complainant by different or separate interests, and he does not know to which of the claimants he ought of right to deliver the thing in his custody or render the debt or duty, and by reason thereof is in fear of damage or hurt from some of them; or, as defined by Lord Cottenham, "It is where the plaintiff says, 'I have a fund in my possession in which I claim no personal interest, and in which you, the defendants, set up conflicting claims. Pay me my costs, and I will bring the money into court'": Beach on Modern Equity Practice, § 114; *Hoggart* v. *Cutts,* Craig and P. 204; *Wing* v. *Spaulding,* 64 Vt. 83 (23 Atl. 615). The allegations such a bill should contain are, in purport, (1) that two or more persons have preferred claims against the complainant; (2) that they claim the same thing; (3) that the complainant has no beneficial interest in the thing claimed; and (4) that he cannot determine without hazard to himself to which of the several defendants the thing belongs: *Atkinson* v. *Manks,* 1 Cowp. 703. Under the old equity practice it was usual to annex to the bill an affidavit of the plaintiff showing that there was no collusion between him and any of the defendants: Beach on Modern Equity Practice, § 145; but it is perhaps sufficient under our practice that the fact appear by appropriate allegations in the complaint: *Jerome* v. *Jerome,* 5 Conn. 352, and *Nash* v. *Smith,* 6 Conn. 421.

2. The more orderly practice seems to be to first determine whether the interpleader will lie or not. If not, it is unnecessary to go further; but if it will, then

the plaintiff should be discharged from liability, with his costs, upon bringing the money or thing in dispute into court, and the suit should thereafter proceed upon issues properly joined between the defendants. The plaintiff cannot claim relief against any of the defendants, but only that he be protected against the claims of all, and when he has shown sufficient to entitle him to this he is entitled to his interpleader, which fact being determined by the order of the court, he is thenceforth out of the suit: *St. Louis Life Insurance Company* v. *Alliance Mutual Life Insurance Company*, 23 Minn. 7; *Cullen* v. *Dawson*, 24 Minn. 66; *First National Bank* v. *West River Railway Company*, 46 Vt. 633; 2 Beach on Modern Equity Practice, § 637. If, however, at the hearing on the bill, it is made to appear that the defendants have by their several answers clearly and sufficiently presented the proper issues as between themselves, and that such issues are ripe for adjudication, the court may at the time it determines the question of interpleader upon the complaint and issues thereto tendered, also decide the questions at issue between the several defendants, and dispose of the case finally. But whichever course is adopted, the question as to whether the interpleader will lie is always preliminary to a trial of the issues between the defendants, as without the establishment of this fact the defendants can have no contention as between themselves upon the record: 2 Beach on Equity Practice, § 638; *Cullen* v. *Dawson*, 24 Minn. 66; *Farley* v. *Blood*, 30 N. H. 354; *Kirtland* v. *Moore*, 40 N. J. Eq. 106 (2 Atl. 269); *Hall* v. *Baldwin*, 45 N. J. Eq. 858 (18 Atl. 976). It seems there is no settled practice as to the mode of proceeding after it is ascertained that the bill of interpleader will lie: *City Bank* v. *Bangs*, 2 Paige Ch. 570. VAN FLEET, Vice Chancellor, in *Kirtland* v. *Moore*, says,

touching the case as among the defendants: "The court may then adopt such course as may seem best under the circumstances; as by directing that issues shall be raised by appropriate pleadings, or that an action at law shall be brought, or that such other course shall be taken as may seem best suited to the nature of the case." See *Angell* v. *Hadden,* 16 Ves. Jr. 202. In *City Bank* v. *Bangs,* 2 Paige Ch. 570, the case was referred to a master, and, as so many conflicting claims were involved, the court directed that any one of the parties should be allowed to file before the master a statement under, oath in the nature of a bill of discovery, which statement all the other defendants should be required to answer under oath. And so it appears competent, for the purpose of determining what are the issues as between and among the defendants, for the court to adopt any course or method of pleading which may seem appropriate or best suited for raising such issues, and, when once raised or settled, the court will pursue the prevailing equitable practice in trying them. Thus, it will appear that the orders of the court defaulting the defendants Bergman and Linkman, and declaring that the claims of Matthieson and Lang and Company were prior and superior to theirs, before determining whether the bill of interpleader could be properly entertained, were premature. See *First National Bank* v. *West River Railway Company,* 46 Vt. 633. Bergman and Linkman were con testing the right of plaintiff to proceed under its bill of interpleader, and until this contest was settled no issues as among the defendants could be determined.

The main discussion at the trial was directed to the question as to whether the defendants Bergman and Linkman had such an interest in the fund in the hands of the plaintiff as would warrant the court in

directing it to be paid to them regardless of the order in which the court may have proceeded. It is difficult to say from the answers and cross-complaints of Bergman and Linkman just what they intended to accomplish thereby, whether to defeat the interpleader, and thereby to terminate the proceeding; or whether, if unsuccessful in this, they intended by their cross-bills to establish their right to the fund as between themselves and the other defendants; and, if this latter, whether they designed to establish their right thereto under the right of action accorded by the statute of Washington against any person rendering difficult, uncertain, or impossible of identification any logs covered by the statutory lien, or by virtue of the lien itself. Their denials, which are mainly upon want of knowledge or information sufficient to form a belief, reach only the allegations of the complaint showing that claims had been preferred by the other defendants against the fund in the hands of plaintiff. It is admitted that plaintiff has such fund, and that it owes for the saw logs in the identical amount. It is further admitted that plaintiff is unable to determine as to whom it ought to pay the fund without hazard to itself, that it claims no beneficial interest therein, and that there is no collusion between it and any of the defendants. They, themselves, are claiming the fund beyond question; but they have stated their whole case upon the record by affirmative allegations, and whether styled a further and separate defense or a cross-complaint, or whether designed to defeat the plaintiff's bill or to establish their right to the fund, makes but little difference for the purposes of this inquiry. The defendants Matthieson and Lang and Company have by their answers each admitted that they have laid claim to this fund, and by cross-complaints

have set up their respective demands.    Does this record present a case ripe for final determination?    The only apparent obstacle in the way is the issue of fact raised by the answers of Bergman and Linkman touching the question as to whether the other defendants had preferred claims against the plaintiff for the fund in its hands, but, as the other defendants have tendered no issue in this regard, and as Bergman and Linkman have not made the point nor. insisted upon it here, we feel warranted in assuming that they have intentionally waived it.

3.    We are now to determine whether, upon the face of Bergman's and Linkman's separate defenses or cross-complaints, they have shown a right to the fund, or are interested therein.    If they have, the case ought to go back for a completion of the issues, between them and the other defendants, and a trial upon such as may be tendered, but if they have not shown such right or interest, it ought now to be finally disposed of.    At the time the liens of Bergman and Linkman upon the logs in question were filed in the State of Washington, there existed, and still exists, in this state a similar law providing for the acquirement of a statutory lien upon logs.    Indeed, the law of this state was taken from the Washington statute, with but few modifications or changes.    The Washington statute contains a provision as follows: "Any person who shall injure, impair, or destroy, or who shall render difficult, uncertain, or impossible of identification, any saw logs, * * * upon which there is a lien as herein provided, without the express consent of the person entitled to such lien, shall be liable to the lien-holder for the damages to the amount secured by his lien, which may be recovered by a civil action against

such person": Hill's Statutes of Washington, § 1694. It has been held by this court that where a statute creates a liability, unless it has prescribed a procedure for its enforcement, which attaches as a part of the liability, it can be enforced in any court having jurisdiction of the subject matter and the parties. In this respect it is similar to the common-law right or liability, and may be enforced without regard to territorial limitations: *Aldrich* v. *Anchor Coal Company*, 24 Or. 32 (41 Am. St. Rep. 831, 32 Pac. 756). The rule applies to actions arising *ex delicto* as well as to those arising *ex contractu*. In *Burns* v. *Grand Rapids Railroad Company*, 113 Ind. 172, (15 N. E. 230,) an action instituted for negligently causing the death of a person, MITCHELL, C. J., states the rule thus: "A civil right of action acquired under the laws of the state where the injury is inflicted, or a civil liability incurred in one state, may be enforced in any other in which the party in fault may be found, according to the course of procedure in the latter state," citing a long list of authorities. And it is not even necessary that the law of the state where the right of action accrued and the laws of the forum where it is sought to be enforced should both give the same right of action: *Herrick* v. *Minneapolis Railway Company*, 31 Minn. 11 (47 Am. Rep. 771; 16 N. W. 413). Such actions arising *ex delicto* are transitory in their character, and ought not to be circumscribed by locality as to their enforcement, as otherwise justice might often be defeated. To justify the courts of one state in refusing to enforce such a right of action given by another it must be upon the ground that its enforcement would be against good morals or natural justice, or that for some good reason it would be prejudicial to the general interests of the citizens of the state or the forum. Although there

are some cases opposed to this view, it appears to be sustained by the great weight of authority. See *Dennick* v. *Railroad,* 103 U. S. 11; *Boyce* v. *Wabash Railway Company,* 63 Iowa, 70 (50 Am. Rep. 730, 18 N. W. 673); *Knight* v. *West Jersey Railroad Company,* 108 Pa. St. 250 (56 Am. Rep. 200); *Chicago and St. Louis Railway Company* v. *Doyle,* 8 Am. and Eng. R. R. Cas. 171, and *Leonard* v. *Columbia Steam Navigation Company,* 84 N. Y. 48 (38 Am. Rep. 491). So it would seem from the answers that Bergman and Linkman each has a right of action within this state against the plaintiff for damages in taking these logs away and rendering them impossible of identification. But the action sounds in tort; it is one arising *ex delicto,* and it does not appear to be one in which the tort could be waived and a civil action substituted. In this view of the matter the plaintiff is not a stakeholder as to Bergman and Linkman, as they have no claim upon it for this fund. Their claim is by independent title, without privity of estate, title, or contract, as it pertains to the fund. It is one for unliquidated damages only, arising from a tort.

One of the essential requisites to equitable relief by bill of interpleader is that all the adverse titles of the respective claimants must be connected or dependent, or one derived from the other, or from a common source. There must be privity of some sort between all the parties, such as privity of estate, title, or contract, and the claims should be of the same nature and character. In cases of adverse independent titles or demands, actions to determine the rights of litigants must be directed against the party holding the property, and he must defend as best he can at law. The primordial element which forms the basis of correlative demands being absent, there can be no con-

tention among the claimants; neither can say to the other, "I have a better right or title than you," but each may be able to say, "I have just cause for complaint against him who would have us litigate only among ourselves." Thus, where the only relation which the plaintiff sustains to the defendants is that he is the debtor of one of them, he cannot invoke the aid of an interpleader: *Third National Bank* v. *Skillings Lumber Company*, 132 Mass. 410. So an agent or bailee cannot maintain a bill of interpleader where a person deposits with him money or property, not as a stakeholder, but as such agent or bailee, and the thing deposited is claimed by a third party: 2 Story on Equity Jurisprudence, §§ 816–817. Where one claimant seeks a certain rent from the tenant in possession, and the other unliquidated damages for use and occupation, they cannot be required to interplead: *Johnson* v. *Atkinson,* 3 Anstr. 798; *Dodd* v. *Bellows,* 29 N. J. Eq. 127. In *National Life Insurance Company* v. *Pingrey,* 141 Mass. 411, (6 N. E. 93,) the company had issued a policy of insurance on the life of F. A. P., payable to E. H. P., but subsequently allowed F. A. P. to surrender the policy without the consent of E. H. P., and thereupon issued a new policy to F. A. P., payable to C. L. P. On the death of F. A. P. it was held that the company could not interplead E. H. P. and C. L. P. The court say: "By issuing these two policies the plaintiff has exposed itself to both of these claims, and must meet them as best it may. The difficulty of maintaining a bill of interpleader is not technical, but fundamental. In this form of proceeding we can not inquire whether the plaintiff has incurred a double liability. That result is possible. The plaintiff ought to be in a position to be heard upon the question; but, on a bill of interpleader, which assumes that the plain-

tiff is merely a stakeholder, the plaintiff cannot be heard: *Houghton* v. *Kendall*, 7 Allen, 72. A plaintiff can not have an order that the defendants interplead, when one important question to be tried is whether, by reason of his own act, he is under a liability to each of them." See, also, *Bechtel* v. *Sheafer*, 117 Pa. St. 555 (11 Atl. 889); 1 Beach on Modern Equity Practice, § 147, and Pomeroy's Equity, §§ 1320–1324. So it is in the case at bar. Plaintiff has upon the face of these cross-complaints incurred an independent liability to the defendants Bergman and Linkman sounding in damages for a tortious act. With the transaction from which the liability arose the other defendants are not in privity, their interest being in the fund; and the converse is also true, Bergman and Linkman are not in privity in title or interest as it pertains to the fund.

4.  The next question is, can they establish their right to the fund through their statutory lien upon equitable grounds? It is claimed that, as the laws of Oregon provide for the acquirement by laborers upon saw logs of a like statutory lien, and for a like enforcement thereof, that the lien could as well be enforced in Oregon as in Washington, and, if as against the logs, it could as well against the fund which represents the logs. There is much force in this position, as it has been shown that an action will lie for damages, (*Aldrich* v. *Anchor Coal Company*, 24 Or. 32; 41 Am. St. Rep. 831, 32 Pac. 756,) by a parity of reasoning why not a suit to foreclose the lien, in the absence of any special statutory procedure devised as a part of the remedy. It would seem to be in accord with a just comity between the states where the rights of citizens of the state in which the remedy is in-

voked are not impaired or intrenched upon. But it is not necessary for us to decide this question, because the lien seems to have been lost by failure to invoke the remedy in season, even admitting the proposition to be tenable.

5. The Washington statute provides that the lien shall not bind the logs for a longer period than twelve months, unless a civil action shall be brought in a competent court to enforce the lien within that time: Hill's Statutes of Washington, § 1688. Now, the lien was filed October first, eighteen hundred and ninety-two, and no suit was instituted here within the twelve months. If this suit would suffice for that purpose, it came too late, as it was commenced October third, eighteen hundred and ninety-three. True, a suit was instituted in time in the Washington court, but the logs were removed without its jurisdiction before a decree was entered, and by reason thereof the lien was not fixed by its action. We know of no rule by which the lien would be continued by the commencement of the suit in Washington unless the court retained jurisdiction of the property to fix the lien upon it by a valid decree. This it did not do, and hence no lien can now be established here, even under appellant's contention. The effect of Bergman's and Linkman's further defenses or cross-complaints is to bar the interpleader, and the complaint must be dismissed as to them, as they ought not to be enjoined from proceeding at law; but as to the other defendants the bill is properly filed. In other respects the decree of the court below is in accordance with the facts, and a decree will be entered here in accordance with this opinion.                                MODIFIED.