## BERGMAN v. INMAN.

[72 Pac. 1086, 73 Pac. 341.]

RIGHTS OF PURCHASERS PENDENTE LITE—JUDGMENT OF SISTER STATE.

1. Purchasers of real or personal property pending litigation over the title thereto, or the existence of a lien thereon, take subject to such final order as may be entered concerning it. As an illustration: During the pendency of a suit in a sister state to enforce a lien claimed on certain logs, part of them were removed by defendant from that jurisdiction and brought into this state. In due time a decree was rendered establishing such lien, but the lien claimant could not enforce his decree, the logs being gone. Subsequently claimant began this action against the defendant in this state for damages caused by removing the logs, under a statute of the sister state providing for such an action against any one destroying or rendering difficult the identification of logs covered by a lien, and the decree establishing the lien is competent evidence for plaintiff, as it tends to show that the logs were subject to a lien when taken.

ENFORCING LIABILITY INCURRED IN SISTER STATE—COMITY.

2. A right of action accrued in one state, whether statutory or otherwise, may be enforced in any court of another state having jurisdiction of the subject-matter and of the parties, the cause of action originally not being contrary to justice or morals, or against the public policy of the forum.

LIMITATION ON CAUSES OF ACTION ARISING IN SISTER STATE.

3. Rights of action must of necessity accrue when and where the acts creating the right occur, and particularly is this true of rights created by statute, which of

course have no extraterritorial effect. For instance: A right of action created by a statute of the State of Washington accrues when the occurrence giving rise to it takes place in that state, and not when a similar occurence takes place in another state, for the latter event naturally does not violate any law of Washington, since it does not happen there.

Estoppel to Choose Remedies.

4. One having a logger's lien under a statute of a foreign state is not estopped from pursuing the action for damages conferred by such statute on any one destroying or rendering uncertain the identification of the property covered, by the fact that, though knowing that the owner's assignee had taken possession of the logs and removed them from that state, he nevertheless failed to enforce his lien in the jurisdiction whither the property had been taken; for he had his choice of a lien suit or a damage action, and the right to prefer was his.

Availability of Partial Defense Pleaded as a Complete Defense.

5. A partial defense pleaded to an entire cause of action, while demurrable, may be used, if not demurred to, so far as it may prove applicable to the facts.

From Multnomah: Melvin C. George, Judge.

Action by C. O. Bergman against Inman, Poulsen & Co., a corporation, and Matti Makarainen, to recover damages for taking and converting certain logs on which plaintiff and his assignors had liens. The action is to enforce a right given by Section 1694, Hill's Ann. Stat. & Codes, Wash., the body of which is set out in the opinion. Plaintiff recovered a judgment, and defendant corporation appeals.　　　　　　　　　　　　　　Reversed.

For appellant there was a brief over the name of *Cake & Cake*, with an oral argument by *Mr. Harry M. Cake.*

For respondent there was a brief over the names of *Reynolds & Stewart* and *Milton W. Smith*, with an oral argument by *Mr. David Stewart* and *Mr. Smith.*

Mr. Justice Bean delivered the opinion.

Under the statute of the State of Washington, every person performing labor upon or assisting in obtaining or securing saw logs has a lien thereon for such work or labor, and "any person who shall injure, impair, or destroy, or who shall render difficult, uncertain, or impossible of identification," any saw logs upon which there is a lien, "without the express consent of the person entitled to such lien, shall be liable to the lienholder for the damages to the

amount secured by his lien, which may be recovered by a
civil action against such person ": Hill's Ann. Stat. & Codes,
Wash. § 1694. The plaintiff and various other persons per-
formed work and labor for one Makarainen, in that state,
at divers times between the 1st of May and the 29th of Sep-
tember, 1892, in obtaining and securing some five million
·feet of saw logs. On October 1, 1892, they each filed a claim
of lien with the auditor of the proper county, as required
by law. On the 27th of the same month, plaintiff, to whom
the other lienholders had duly assigned and transferred
their claims, commenced an action in the superior court
of Lewis County against Makarainen to foreclose these
various liens. On March 9, 1893, a final judgment was ren-
dered in his favor and against Makarainen for $2,858.75,
decreeing a foreclosure of the liens, and that the logs therein
described, amounting to about four million feet, should be
sold to satisfy the judgment. The logs were in the State
of Washington when the action was begun, but while it
was still pending the defendant, under an alleged purchase
from Makarainen, took possession of and brought into this
state about one and one half million feet thereof, which
some months later were sawed and converted into lumber
at its mill in Portland. After the defendant had taken pos-
session of and removed the logs into this state, Makarainen
assigned and transferred his account therefor to Flecken-
stein & Mayer, who, on the 26th of April, 1893, commenced
an action against the defendant to recover the contract
price thereof. Such action resulted in a judgment in their
favor for the amount found due and owing thereon, which
judgment, it is alleged, has been fully paid and satisfied.
On the 26th of January, 1899, this action was brought
against the defendant to recover the damages alleged to
have been sustained by plaintiff on account of its viola-
tion of the statute of Washington in removing the logs
from that state and rendering them impossible of identi-

fication, without the consent of the plaintiff lienholder. The several provisions of the statute of Washington with reference to loggers' liens and the methods of procedure thereunder are set out in full in the complaint. The verdict and judgment being in favor of plaintiff, the defendant appeals, assigning as error (1) the admission in evidence of the judgment roll in the action brought by the plaintiff against Makarainen in the superior court of Lewis County, Washington, to foreclose the loggers' liens against the property in controversy; (2) the refusal of the trial court to instruct the jury that the statute of limitations is a bar to the cause of action for all logs taken by the defendant in the State of Washington and removed into this state prior to January 27, 1893; and (3) in refusing to charge that, if the plaintiff permitted defendant, after taking the logs from the boom in Washington, to saw them into lumber, or if the defendant held them after such taking a sufficient length of time to permit the plaintiff to protect his rights by a foreclosure of his lien, he cannot recover.

1. It is urged that the judgment roll was not admissible in evidence, because the defendant was not a party to that action, and because the logs were removed from the State of Washington prior to the rendition of the judgment. As already stated, the defendant took possession of the logs under an alleged purchase from Makarainen in Washington, after the commencement of the action in that state to foreclose the liens thereon; and it is common learning that a purchaser of real or personal property pending litigation concerning the title or the validity of a lien thereon takes the property subject to the rights of the plaintiff as settled by the final decree or judgment of the court: *Walker v. Goldsmith*, 14 Or. 125 (12 Pac. 537); *Houston v. Timmerman*, 17 Or. 499 (21 Pac. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 848); 2 Black, Judgm. (2 ed.) § 550; *Richardson v. Petersen*, 58 Iowa, 724 (13 N. W. 63); *Diamond v. Lawrence*

*County,* 37 Pa. 353 (78 Am. Dec. 429); *Fletcher* v. *Ferrel,* 9 Dana, 372 (35 Am. Dec. 143); *McCutchen* v. *Miller,* 31 Miss. 65, 88. The defendant's counsel do not seriously controvert this rule, but seek to make a distinction between an action of tort to recover damages for a violation of the Washington statute and a suit to foreclose plaintiff's lien on the logs. It is admitted, if we understand correctly, that in a suit to foreclose the plaintiff's lien in this state the decree of the Washington court would be conclusive, because the proceeding in that state was *quasi in rem* ; but, since this is an action in tort, to recover damages for destroying the identity of the property to which the lien attached, the judgment can have no such effect. An essential element in this case, and one necessary for the plaintiff to establish, was the existence of his lien at the time the logs were taken from the State of Washington by the defendant. The defendant purchased and took possession of the property subject to the lien in favor of the plaintiff during the pendency of the foreclosure suit, and is, therefore, bound by the decree therein, so far as it determined the existence of the lien. " The law is," says the Supreme Court of the United States, "that he who intermeddles with property in litigation does it at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset": *Tilton* v. *Cofield,* 93 U. S. 163, 168. It can make no difference in this respect whether the action here is to. foreclose the lien or to recover damages under the statute for destroying the identity of the property covered by it. It was incumbent upon the plaintiff to prove the existence of the lien at the time the property was taken by the defendant, and the judgment rendered in Washington was competent evidence for that purpose. Nor did the removal of the property from that state prior to its rendition render it incompetent. The decree estab-

lished the fact that at the time the property was removed by the defendant the plaintiff had a lien thereon. As the property was removed from the state prior to its rendition, the decree could not fix a lien thereon at its date, because the court did not have jurisdiction of the property (*North Pac. Lum. Co.* v. *Lang*, 28 Or. 246, 261, 42 Pac. 799, 52 Am. St. Rep. 780); but it judicially determined that there was a lien on it when it was removed, and that was sufficient in this action. This is not a suit to foreclose the lien, or to enforce the judgment of the Washington court. It is an independent action on a liability created by a statute of that state, based upon the contention that the defendant removed property upon which plaintiff had a valid lien, and destroyed its identity. The question as to what property was affected by the decree and ordered sold to satisfy the plaintiff's judgment is therefore immaterial.

2. The evidence tended to show that a portion of the logs in controversy was taken by the defendant from the State of Washington and brought into this state prior to the 27th day of January, 1893, more than six years before the commencement of the present action. The defendant requested the court to instruct the jury that the action was barred by the statute of limitations as to all logs taken by the defendant prior to the date mentioned. This is an action for tort, alleged to have been committed in the State of Washington, and not for one committed in this state. Where a right of action has become fixed and a legal liability incurred in one state, that liability may be enforced in any court of another state that has jurisdiction of such matters and can obtain jurisdiction of the parties, if the alleged cause of action is not contrary to the public policy of the state where the action is brought, nor against justice or good morals: *Aldrich* v. *Anchor Coal Co.* 24 Or. 32, 38 (32 Pac. 756, 41 Am. St. Rep. 831); *North Pac. Lum. Co.* v. *Lang*, 28 Or. 246 (52 Am. St. Rep. 780, 42 Pac. 799);

*Dennick* v. *Railroad Co.* 103 U. S. 11, 18. This is on the principle of comity, and because the right of action is entitled to recognition everywhere.

3. But it necessarily follows from this principle that such right must have accrued in the state where it is alleged to have arisen. The action cannot be grounded upon acts done in the state where it is commenced. The law of the place where the right was acquired or the liability incurred will govern as to the right of action. All that pertains merely to the remedy will be controlled by the law of the state where the action is brought: *Herrick* v. *Minneapolis & St. L. Ry. Co.* 31 Minn. 11 (16 N. W. 413, 47 Am. Rep. 771). Now, as this is an action to enforce in the courts of this state a liability created by a Washington statute, the right of action, if it exists at all, must have accrued in that state. No cause of action can arise here for a violation of a Washington statute, as it has no extraterritorial effect; and no act committed here can give rise to such a cause of action, since it cannot be a violation of such a statute. The cause of action sought to be enforced must, therefore, have accrued when the logs were taken from the State of Washington by the defendant, and the plaintiff's argument is not sound that it did not accrue until five or six months later, when the logs were sawed into lumber at its mill in Portland. The instruction, therefore, that the action is barred as to all logs taken from the State of Washington by the defendant more than six years prior to the commencement of the present action is sound law, and should have been given.

4. There is, so far as we can understand the record, no merit in the contention of the defendant that the plaintiff has by his conduct waived his right of action against it for a violation of the Washington statute, or that he is estopped from prosecuting such action. The fact that he knew defendant had taken possession of the logs and re-

moved them into this state, and did not commence some proceeding to enforce his lien thereon, could not operate as an estoppel against the prosecution of an action for the tort. He was entitled under the statute to proceed against the defendant to recover such damages, if any, as he may have sustained by reason of its taking and removing the logs into this state and converting them into lumber, independent of his right to foreclose his lien thereon. He had a choice of remedies, and the defendant cannot complain because he chose one rather than the other.

It follows, however, from the views hereinbefore expressed, that the judgment of the court below must be reversed, and a new trial ordered.          REVERSED.

## ON MOTION FOR REHEARING.

MR. JUSTICE BEAN delivered the opinion.

Counsel for plaintiff, in their petition for a rehearing, insist for the first time that the instruction relating to the statute of limitations, for the refusal to give which the judgment was reversed, is erroneous, and was properly refused, because it assumed as established facts which were disputed. They presented no such question at the argument or in their briefs, although an issue thereon was tendered by the appellant in its brief. We therefore very naturally assumed, as we were clearly justifiable in doing, that the instruction was proper, and should have been given, unless plaintiff's contention was sound that the right of action "accrued when the logs were cut up by the appellant in this case, rendering them impossible of identification, alleged in the complaint to be about May 10, 1893, but the proofs show they were cut up in June, 1893." Ordinarily we should be disposed to let the question rest here. However, in order to avoid the possibility of injury to the plaintiff, we have again examined the record, from which

it clearly appears that there is no ground in fact for the criticism of the instruction. The bill of exceptions recites that "all the testimony showing the various quantities and dates" of the removal of the logs from the State of Washington by the defendant is contained therein. The logs were removed from the boom of the Cowlitz & Columbia River Boom Company. One Banks was an employé of the boom company during the time, and scaled the logs. He testified that he saw them in the raft of the defendant at the time, and "scaled them there." He made a memorandum at the time of the date and the quantity of logs scaled in each raft, and testified in detail concerning that matter at the trial. He said the logs were taken from the boom, but he did not know when or by whom. Mr. Poulsen, one of the officers of the defendant corporation, testified, however, that "we took them [the logs] away as quick as they were rafted," and "they were taken away as they were rafted; they were taken away at that time." Mr. Dodd, who was the president of the boom company, testified that "they [the logs] were delivered as they were rafted, during January, February, and March, 1893." All this testimony stands uncontradicted, and it appears therefrom that Banks scaled the logs after they were put in the raft of the defendant company, and that it took them away as soon as they were scaled. Under the testimony given, therefore, there was no error in the instructions assuming as an established fact that a certain definite quantity of logs was taken by the defendant from the State of Washington after January 23, 1893.

5. Nor is there any merit in the point made in the petition, also for the first time, that the defense of the statute of limitations is insufficient because it only applies to a portion of the logs taken. There is an old rule of the common law that, if a defense is set up as an answer to the whole cause of action, while it is in fact only a partial de-

fense, it will be held bad on demurrer, although it would be admissible as a partial defense if properly pleaded: Pomeroy, Code Rem. (3 ed.) § 608. In this case, however, the complaint sets up but one cause of action, alleged to have accrued on or about the 10th day of March, 1893. The plea of the statute of limitations was interposed as a defense to this cause of action. If it appeared upon the trial that a portion of the logs was taken more than six years prior to the commencement of the action, the defendant is entitled to the benefit of such defense, so far as it is applicable to the facts.

The petition for rehearing is denied.

REHEARING DENIED.

Decided 5 October, rehearing denied 31 October, 1903.