[No. 1074.  Decided April 4, 1894.]

J. SINGER et al., *Appellants*, v. JOHN WALLACE et al., *Respondents*.

### LOGGERS' LIENS — FORECLOSURE — DESTRUCTION OF LOGS — REMEDIES.

In an action to foreclose loggers' liens, the person who has destroyed the identity of the logs to which a right of lien attached cannot be made a party defendant for the purpose of being made to respond in damages for the injury; but the remedy of the laborers is to bring separate actions against their employers for the respective sums due them for labor,.and, under Gen. Stat., § 1694, they have another right of action against the person sawing up and de-

stroying the identity of the logs for the actual damages suffered by them.

*Appeal from Superior Court, King County.*

*Ronald & Piles*, for appellant George W. Downs.

*William Martin*, and *Stratton, Lewis & Gilman*, for respondents. ·

The opinion of the court was delivered by

STILES, J. — Appellant George W. Downs, in February, 1892, purchased from the firm of Wallace & Kennedy a lot of logs, and within thirty days thereafter a number of other parties to this action filed loggers' liens thereon. This suit was commenced to foreclose these liens, and proceeded so that in November, 1892, a judgment of foreclosure was entered in favor of certain of the claimants and against others. The principal defendants, Wallace & Kennedy, do not appeal, but such of the claimants as were defeated in their attempt to establish liens and Downs are here as appellants. Owing to the variety of facts connected with the several claims, the case would be a very intricate one were it not that one matter at the threshold must dispose of it.

It seems that at the time the lien notices were filed the logs were probably intact, in the possession of Downs, at his mill at Port Townsend, they having been towed there from Des Moines, King county, and delivered to him for full payment of the contract price in cash. But the complaint alleged that Downs "has cut said logs up into lumber and converted the same to his own use, of the value of eighteen hundred dollars, without plaintiffs' consent," and if this statement was true there was nothing to base a foreclosure upon. The prayer of the complaint was, that each plaintiff have judgment against Wallace & Kennedy for the amount due him; that he have a decree of foreclosure against the logs; and that Downs be decreed to pay the sum due, with attorney's fee, etc. This was confusing

things beyond what the statute, even as now enacted, contemplates. The logs being out of existence, plaintiffs' rights were to have separate actions at law against Wallace & Kennedy for the respective sums due them for their labor, without piling up unnecessary fees and costs upon a foreclosure which had nothing to operate upon; and as to Downs, if he had sawed up and destroyed the identity of the logs to which a right of lien attached, without the consent of the lien holder, the statute, Gen. Stat., § 1694, gave the latter a right of action for the actual damages suffered. These two rights of action had no connection with each other, and the party defendant in one had no interest in the cause of action against the other. One was based upon contract, while the other was in the nature of a tort.

The insufficiency of the complaint was raised by Downs, by demurrer, and at every stage of the trial. The judgment against Wallace & Kennedy seems to have been taken by default, and will not be disturbed by the result of Downs' appeal.

The evidence, as stipulated, supported the allegation of the complaint that Downs had sawed up the logs, and the findings of the court coincided. A judgment was entered in accordance with the prayer of the complaint, including a money judgment against Downs for the amount found due each plaintiff whose lien was sustained, with costs, attorney's fees, etc.

Upon the allegation referred to in the complaint, Downs' demurrer should have been sustained, and the action dismissed as to him. *Garneau v. Port Blakely Mill Co.*, *ante*, p. 467.

The judgments against Downs are reversed, and the cause remanded for dismissal as to him.

ANDERS and HOYT, JJ., concur.

SCOTT, J., concurs in the result.

DUNBAR, C. J., dissents.