[No. 1195.  Decided September 4, 1894.].

GUST PETERSON *et al.*, *Respondents*, v. W. P. SAYWARD, *Appellant.*

LOGGERS' LIEN — DESTRUCTION OF LOGS — ACTION FOR DAMAGES — PLEADING — PARTIES — COUNTERCLAIM.

In an action for damages under § 1694, Gen. Stat., which gives to holders of liens on logs a right of action against any person injuring or destroying the logs, the complaint states a cause of action when it alleges that the plaintiffs performed work on a certain boom of logs for which they filed their lien notices within the statutory time; that the logs were sold to defendant, who, knowing the logs were subject to liens, sawed them into lumber without the consent of plaintiffs, whereby plaintiffs were damaged to the amount of their liens remaining unpaid. (HOYT, J. dissents.)

A prior adjudication as to the validity of plaintiffs' liens is not necessary as a basis for an action for damages for the destruction of logs upon which they have filed liens, but the two matters are properly determinable in the action for damages.

Where a number of loggers have participated in cutting and rafting a boom of logs, upon which they have filed liens, their joinder

as plaintiffs in an action for damages for the destruction of the logs is proper.

Under Laws 1893, p. 434, § 20, damages may be awarded for the destruction of logs in the action to enforce a lien thereon, or they may be recovered in a separate action.

In an action for damages for the destruction of certain logs, brought by a lien holder thereon, the defendant cannot set up as a counterclaim that the logs had been sold to defendant, and that in a former case plaintiff had secured a foreclosure of his lien, and a sale of a portion of the logs which had not been destroyed by defendant.

*Appeal from Superior Court, Kitsap County.*

*Battle & Shipley,* for appellant.

*Burke, Shepard & Woods,* for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action for damages brought under § 1694 of the General Statutes, giving to the holders of liens on logs an action for damages against any person who shall injure or destroy logs. In this action the plaintiffs recovered a judgment of $1,796 against the defendant for sawing up logs on which they had liens for wages. The plaintiffs were sixteen loggers who filed their liens for wages on a boom of logs they had just cut and rafted. The logs were sold to defendant by the employer of the plaintiffs. Defendant immediately began to saw them into lumber without the plaintiffs' consent and without making any provision for their liens. It is alleged, and the evidence shows, that he knew the logs were subject to liens for the wages of the plaintiffs, respondents herein. Plaintiffs then brought their action to restrain the sawing of the logs, and to foreclose their liens. In said action all the logs which remained unsawed were sold and the proceeds were applied as part payment of the liens. Plaintiffs then brought their action for damages to recover the remainder of their liens still unsatisfied.

The amended complaint on which the issues were formed alleges that each of the plaintiffs performed work on a certain boom of logs, and within the statutory time filed their lien notices, describing the logs, alleging that the logs were sold to the defendant, who, without the consent of the plaintiffs, sawed them into lumber; that the defendant knew the logs were subject to liens; that the plaintiffs were damaged to the amount of their liens remaining unpaid, praying for judgment accordingly.    Defendant demurred to the complaint on the ground of insufficiency and on the ground of defect of parties defendant.    The demurrer was overruled.    An amended answer was then filed, setting up as an affirmative defense and counterclaim the details of the foreclosure case previously brought by the plaintiffs, the issuing of the restraining order therein, the sale of the logs remaining unsawed, and asked for judgment against the plaintiffs for the value of the logs sold.    Plaintiffs demurred to this counterclaim and their demurrer was sustained.

The first objection that appellant raises is that the complaint does not state facts sufficient to constitute a cause of action.    We think this contention cannot be sustained. This action is brought directly under the provisions of §1694, Gen. Stat., which provides that—

"Any person who shall injure, impair or destroy, or who shall render difficult, uncertain, or impossible of identification, any sawlogs, spars, piles or other timber upon which there is a lien as herein provided, without the express consent of the person entitled to such lien, shall be liable to the lien holder for the damages to the amount secured by his lien, which may be recovered by a civil action against such person."

The amended complaint, it seems to us, states sufficient to bring it within the requirements of this section.

Neither do we think the point is tenable that this action for damages cannot be maintained without a prior determi-

nation having been had in a court of equity of the validity
of the plaintiff's alleged liens.   It seems to us that this
would be entirely an unnecessary cost and expense to im-
pose upon the litigants in this kind of a case.   It has been
the uniform practice of the courts in this state to deter-
mine first the validity of the lien.   There is no good reason
why this should not be done in the civil action for dam-
ages; because it would be a necessary determination in
the case before damages could be awarded; and we think
it is a much better practice to have these two questions
determined in one than in two different suits.   We do
not think that there was either a misjoinder of parties
plaintiff or that the complaint fails to show the community
of interest between the several parties.   The amount of
the plaintiffs' unpaid liens is alleged, and that is the
amount that is asked for as damages.

    This is an action directly under § 1694, and when all the
requirements of that section are met the complaint is suf-
ficient; for the law declares that the person destroying the
logs shall be liable in this action to the lien holder for the
damages to the amount secured by his lien.   In this action
the trial judge held that as the amount secured by the
plaintiffs' lien was in excess of the value of the logs sawed,
the utmost they could recover was the value of the logs.
The appellant's contention that two suits have been
brought, when the matter in controversy could have been
determined in one, is answered, it seems to us, by the act
of the legislature in the lien act of 1893 (Laws, p. 434,
§ 20), which provided that the court might award damages
for destruction of the logs in the action to enforce the lien,
or that damages might be recovered in a separate action.

    We think the respondents' demurrer to appellant's de-
mand for offset was rightly sustained.   The amount of the
logs sold had been credited on the liens and it played no
further part in the proceedings.   Whether or not appel-

lant availed himself of the right remedy in his objection that there was a misjoinder of parties plaintiff it is not necessary for us to discuss, for we think, under the general rules of pleading, and in accordance with the general practice in lien cases in this state, it was proper for all the plaintiffs to join in one action.     Sec. 143, Code Proc., provides that all persons interested in the cause of action or necessary to a complete determination of the question shall, unless otherwise provided by law, be joined as plaintiffs when their interest is in common with the party making the complaint, and as defendants when their interest is adverse to the plaintiff.     Surely these sixteen plaintiffs were each interested to the extent of his lien in the subject of this action.     If one had brought the action, the others could have intervened because they were interested in the cause of action, and if they had a standing as intervenors they certainly would have a standing as original plaintiffs; and all of them having an interest in the determination of this case, especially under the ruling of the court that the judgment would be limited to the value of the logs destroyed, they were all proper parties to this one action, and in any event it would be to the interest of the appellant that all these rights should be adjudicated in one action, and he can not be heard to complain of that which does not injure him.     And if their right to recover is limited to the value of the logs sawed, if the actions were brought separately, the amount for which appellant was responsible might be exhausted before the last lienor had brought his action, and, if true, it would render his action when brought futile.

We have examined the instructions of the court and think they were substantially correct.     We think that there was sufficient testimony as to the value of the logs for the jury to act upon, and the amount due the respondents was sufficiently proven.     All these questions were questions for the jury.

The point raised by the appellant, that the court had violated the provisions of the constitution in relation to commenting upon facts, we think is not sustained by the record. There was no conflicting testimony on this proposition. The circumstances under which the instruction was given and the conditions existing at that time rendered it absolutely harmless.

We think the judgment should be affirmed.

SCOTT, STILES and ANDERS, JJ., concur.

HOYT, J. (*dissenting*).— In my opinion the amended complaint was defective in that it did not state the value of the logs sawed by the defendant, and for that reason the demurrer thereto should have been sustained.