[No. 5546. Decided September 29, 1905.]

J. M. COLEMAN *et al., Respondents,* v. SAMUEL RATHBUN, *as City Treasurer of Seattle, Appellant.*[1]

MUNICIPAL CORPORATIONS — LOCAL ASSESSMENTS — FORECLOSURE — DEFENSES—TENDER OF AMOUNT DUE. In an action to restrain the foreclosure of a special assessment lien, in which the complaint alleges a tender of the amount due, the complaint states a cause upon which an unconditional judgment may be rendered, although it is not shown that the tender was kept good by bringing the money due into court, in the absence of a demand therefor at the time of entry of judgment or any request for a conditional judgment.

1Reported in 82 Pac. 540.

SAME—ACTIONS—PARTIES PLAINTIFF—JOINDER—EQUITY—MULTI-
PLICITY OF SUITS. In order to avoid a multiplicity of suits, an action
in equity against a municipality to restrain the enforcement of liens
may be brought jointly by many plaintiffs owning separate parcels,
but who are similarly affected by the threatened wrong.

Appeal from a judgment of the superior court for King
county, Bell, J., entered August·15, 1904, in favor of the
plaintiffs, upon overruling a demurrer to the complaint, in
an action to restrain the foreclosure of special assessments
levied by a city. Affirmed.

*Mitchell Gilliam* and *Wm. Parmerlee,* for appellant.
*Wakefield & Petrovitsky,* for respondents.

DUNBAR, J.—This case involves a question of whether or
not plaintiffs' complaint states a cause of action, a demurrer
having been interposed to the complaint to the effect that
it did not state a cause of action, which demurrer was over-
ruled. Judgment was entered in favor of the plaintiffs,
and the appeal is from said judgment.

The complaint alleges, in substance, that improvements
were made in a certain district in the city of Seattle, and
an assessment was made therefor; that the plaintiff J. M.
Coleman is owner in fee of certain property included in
the said assessment ·district, 'and that it is assessed by the
aforesaid assessment as follows (here follows the descrip-
tion of the lots and blocks and the assessment of each par-
ticular tract); that plaintiff Ella Strong is owner in fee
of certain property included in said assessment district and
assessed by the aforesaid assessment as follows (with the
same specifications as to lots and values); that plaintiff
James Masterson is owner in fee of certain property in-
cluded and assessed in the aforesaid assessment district as
follows, etc.; that plaintiff Lillie Ogden is owner in fee of
certain property included and assessed in the aforesaid assess-
ment district as follows (with the same statement as in the
other counts); that plaintiffs filed objections to the assess-

ment roll, etc.; that the proceedings under the ordinance providing for the assessment were an abuse of power, illegal and irregular, etc.; that thereafter, on the 18th day of March, 1904, by ordinance No. 10719, it was resolved, and became a law on the 19th day of March, 1904, that the said assessments against the plaintiffs' property be rebated and remitted to the amount of the sum of $83, the same being one-half of the original assessment against the property of said plaintiffs; that since the passage of the said ordinance No. 10719, the plaintiffs, by their attorneys, have at divers times tendered to defendant the sums and amounts of the original assessment against the said property of the said plaintiffs, less the amount rebated and remitted by said ordinance No. 10719, and that the plaintiffs are now, and have ever been, ready to pay the said assessment as rebated by said ordinance No. 10719; that the defendant has refused to accept the same, and is about to foreclose the said liens as charged by the original assessment, under ordinance No. 8901, and costs; alleges that plaintiffs are without any adequate remedy at law; and prays that the city be restrained from the foreclosure of the said property and the collection of the aforesaid assessment.

It is contended by the appellant that the court erred in rendering an unconditional judgment, and in overruling defendant's demurrer to the complaint because of the failure to show tender kept good by bringing money due into court, and by reason of the misjoinder of parties plaintiff. The record does not show any application on the part of the city for a conditional judgment, which would probably have been granted by the court, had its attention been called to the matter. Neither do we think that the complaint was faulty for the reason that the tender was not kept good, in the absence of a demand on the part of the appellant to make the tender good at the time the judgment was entered, or demand that the judgment be conditional, to the effect

that the city be restrained upon the payment of the amount admitted to be due by the plaintiffs. If the allegations of this complaint are true, it is difficult to see how a lawsuit could arise, because, if they are true, manifestly the city should have accepted the amount tendered and relieved the plaintiffs of the necessity of bringing the action which they did bring.

The demurrer, however, raises one question which is important as a question of practice, viz., the misjoinder of parties plaintiff. It is true that almost universal authority, under statutes like ours, is to the effect that, where two or more join in an action, the complaint must show a right of action in both or all of them, or that it will be held insufficient, on demurrer stating that it does not state facts sufficient to constitute a cause of action, and many cases are cited by appellant that sustain this view. But these are mostly cases where individuals are bringing actions against each other, and can readily, we think, be distinguished in principle from the case at bar, where the threatened action of the municipality is the primary cause of a suit; and especially may this be true where the suit is a suit in equity to prevent a threatened injury, as in this cause.

Appellant cites an Oregon case, viz., *Cohen v. Ottenheimer*, 13 Ore. 220, 10 Pac. 20, with a statement that that case decides the exact question presented here, and that, inasmuch as the Oregon statute is the parent of our statute, they being identical in this respect, the case ought to have great weight with this court. But in that case the question at issue here was not involved. The question decided there was that, when it was shown upon the face of the complaint that the presence of other parties, not brought in, was necessary to a complete determination of the controversy, a demurrer would lie for a defect of parties plaintiff or defendant, but not where there were already too many

brought in. There is, however, an Oregon case, viz., *Paulson v. Portland,* 16 Ore. 450, 19 Pac. 450, 1 L. R. A. 673, where this very question was discussed and decided. In that case the respondents, consisting of about two hundred persons, brought a suit in the circuit court to enjoin the collection of an assessment for the construction of a sewer, in the north part of the city of Portland, the city council having previously thereto passed an ordinance providing for the construction of said sewer. The appellants interposed a demurrer to the respondents' complaint, upon the grounds, (1) that there was a misjoinder of parties plaintiff, in that, to wit, there were numerous persons, owning separate and distinct parcels of land, not similarily situated, nor similarly affected by the matter alleged in the complaint, and not having any unity of interest in the subject of the suit or the relief demanded, joined as plaintiffs; (2) that there was a defect of parties in that, to wit, there was no such unity of interest among the said plaintiffs in the subject of the suit, or the relief demanded therein, as entitled them to be so joined. The circuit court overruled the demurrer. The case was carried to the supreme court and, in discussing this proposition, the court said:

"The plaintiffs' interests were, it is true, distinct and different in extent, and very likely were not similiarly affected; but the cause was common to them all, and their respective remedies for redress or prevention were the same. The case would be analogous to that of a nuisance affecting several owners of real property, where it is a common injury to them all, and they each have the same character of remedy to abate it. I think that in all cases where parties are threatened with injury from one wrong, they have a sufficient community of interest to entitle them to unite as plaintiffs in a suit to prevent it, although their interests are distinct and affected to a different extent. Such a rule should be maintained in order to prevent a multiplicity of suits, and is now, as shown by the authorities cited by the respondents' counsel, well established."

This court also, in *Peterson v. Sayward,* 9 Wash. 503, 37 Pac. 657, sustained a complaint in an action of damages against a party who had destroyed logs upon which different individuals had liens, the action having been brought jointly by the different individuals damaged. We think that, in cases of this kind, public policy would best be subserved by allowing parties who would be similarly affected—not necessarily as to amount, but as to the legal effect on their property—by the threatened action of the municipality, to join in the prosecution of an action for equitable relief, in order to avoid a multiplicity of suits and expensive litigation over small amounts.

The judgment is affirmed.

MOUNT, C. J., ROOT, HADLEY, CROW, FULLERTON, and RUDKIN, JJ., concur.