[No. 12875.  Department Two.  January 15, 1916.]

GLENN HUBBARD, *Appellant*, v. R. H. JOHNSON *et al.*,

*Respondents.*[1]

AGRICULTURE—LIEN ON CROPS—ELOIGNMENT—DAMAGES—LIABILITY OF MORTGAGEE—STATUTES.  Under Rem. & Bal. Code, § 1188, giving a lien for farm labor upon crops superior to that of a prior chattel mortgage, and §§ 1190a and 1181, providing that "any person who shall eloign . . ., or who shall render difficult, uncertain or impossible of identification" the chattels upon which there is a lien, shall be liable to the lien holder for the damages to the amount secured by his lien, prior mortgagees of a crop of wheat are liable to the lien holder where the wheat, on their instructions, was delivered at a warehouse as their wheat and commingled with other wheat as it was received without anything to identify it, and they thereafter sold the wheat and indorsed negotiable bills of lading issued to them therefor; since they rendered it "difficult, uncertain or impossible of identification" within the statute whether guilty of eloignment or not.

SAME—LIEN ON CROPS—BONA FIDE PURCHASERS—LIABILITY.  In such a case, under Rem. & Bal. Code, § 1177, providing that a party purchasing the property liened upon is not an innocent third party or *bona fide* owner unless he discharges the lien, mortgagees so taking the crop after the adjudication of the lien, although without actual notice of it, take subject to all the rights of the lien holder, and are liable for the amount of the lien.

SAME—REMEDIES.  In such case, it is immaterial whether the action be one to foreclose the lien or recover damages for destroying or confusing the identity of the crop.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered March 23, 1915, upon findings in favor of the defendants, dismissing an action in tort, tried to the court.  Reversed.

*Herbert C. Bryson* and *John A. Metcalfe*, for appellant.

*Sharpstein, Pedigo, Smith & Sharpstein*, for respondents.

HOLCOMB, J.—Appellant brought this action against the respondents for damages for the eloignment and conversion

Reported in 154 Pac. 457.

of a quantity of wheat consisting of 2,460 sacks, grown by one Lonneker and wife, upon whose crop appellant had performed farm labor between November 1, 1912, and May 31, 1913, and upon which, on June 13, 1913, he filed his claim of lien for his labor, which was adjudicated in his favor on October 29, 1913, by a judgment of the superior court of Walla Walla county.

Upon issue being joined in this case and a trial had, the court made findings, in substance, as follows: That, on June 12, 1913, plaintiff had a lien, by reason of labor performed, upon a quantity of wheat consisting of 2,460 sacks, being the same wheat referred to and described in the complaint, which lien was, at the time of the trial of this action, a subsisting valid lien in the sum of $271.96; that the wheat was grown by one August Lonneker upon a farm situated in Walla Walla county near Clyde, and that the defendants had a mortgage upon the crop, executed by Lonneker, to secure indebtedness due defendants, and, as far as appears from the evidence, neither of the defendants had any knowledge of the pendency of the foreclosure action on lien; that the wheat was harvested by Lonneker and, after being harvested, was moved by him to a public grain warehouse at Clyde, and that neither of the defendants had anything to do with the removal of the wheat from the field; that, upon the same being removed to the warehouse, negotiable warehouse receipts therefor were caused to be issued by Lonneker to the defendants herein, which warehouse receipts were thereafter delivered to the defendants; that, so far as appears from the evidence, the defendants had nothing to do with the issuance of the warehouse receipts; that thereafter and while the wheat was in the warehouse, the defendants sold the wheat to Dement Brothers Company and Jones-Scott Company, both incorporated, and indorsed and delivered to the purchasers the warehouse receipts, which warehouse receipts were negotiable in form; that if the wheat was thereafter removed from the warehouse or from Walla Walla county, or

commingled with other wheat, so far as appears from the evidence, neither of the defendants had anything to do with such acts further than the sale of the wheat and the indorsement of the warehouse receipts.

Upon these findings, the court concluded that the action should be, and it was, dismissed.

I. The only question presented for consideration upon this appeal is whether respondents are liable to the appellant under Rem. & Bal. Code, § 1181 (P. C. 309 § 51). Section 1188 (P. C. 309 § 105) of the code is as follows:

"Any person who shall do labor upon any farm or land, in tilling the same or in sowing or harvesting or threshing any grain, as laborer, contractor, or otherwise, or laboring upon, or securing or assisting in securing or housing any crop or crops sown, raised, or threshed thereon during the year in which said work or labor was done, such person shall have a lien upon all such crops as shall have been raised upon all or any of such land, for such work or labor."

Section 1190 (P. C. 309 § 109) of the code provides that a claim of lien shall be filed with the auditor of the county within forty days after the close of the work or labor. Section 1190a of the code secures to all lien holders for farm labor the same rights and privileges as are secured to holders of liens on logs under the provisions of chapter 7 of the code. Under that chapter, § 1181 provides:

"Any person who shall eloign, injure or destroy, or who shall render difficult, uncertain or impossible of identification any sawlogs . . . upon which there is a lien as herein provided, without the express consent of the person entitled to such lien shall be liable to the lienholder for the damages to the amount secured by his lien, and it being shown to the court in the civil action to enforce said lien, it shall be the duty of the court to enter a personal judgment . . . against the said person, provided he be a party to such action, or the damages may be recovered by a civil action against such person."

The trial court seems to have based his conclusion and decision in this case upon the case of *Lohman v. Peterson*, 87

Wis. 227, 58 N. W. 407. In that case it appeared that, under a statute of Wisconsin, any person who concealed or transported out of the state logs on which there was a lien should be liable as for conversion. There was nothing in that statute, so far as appears, rendering any person liable except the person concealing or transporting the liened logs out of the state. The defendant had sold the ties on which the lien was attempted to a railroad company, and the railroad company had transported the ties from the state. The action was brought against the original owner of the logs as for conversion, for having "caused the removal of the logs from the state." It was held, therefore, that the defendant had not transported the logs from the state and was not liable. It was also held that "the railroad company took them subject to any claim which the plaintiff had against them," under the statute providing for a lien against such logs for labor performed upon them.

It is expressly provided in the section of the statute providing for actions upon eloignment (§ 1181, *supra*), that any person eloigning, etc., or rendering difficult, uncertain or impossible of identification any logs upon which there is a lien, etc., shall be liable to the lien holder for damages to the amount secured by his lien. It is also provided that, in a civil action to enforce the lien, the party so eloigning, or rendering difficult or uncertain of identification, may be made a party to the action and a personal judgment entered against him; or, if he is not a party to the lien action, damages may be recovered by a civil action against such person. So it was held in *Peterson v. Sayward*, 9 Wash. 503, 37 Pac. 657, that damages may be awarded for the destruction of logs in the action to enforce the lien thereon, or they may be recovered in a separate action. See, also, *Singer v. Wallace*, 8 Wash. 576, 36 Pac. 466.

Under Rem. & Bal. Code, § 1177 (P. C. 309 § 43), the statute relating to liens upon logs, etc., it is provided that:

"It shall be conclusively presumed by the court that a party purchasing the property liened upon within thirty days given herein to claimants wherein to file their liens, is not an innocent third party, nor that he has become a *bona fide* owner of the property liened upon, unless it shall appear that he has paid full value for the property, and has seen that the purchase money of the property has been applied to the payment of such *bona fide* claims as were entitled to liens upon the said property under the provisions of this chapter, according to the priorities herein established."

Under § 1188 (P. C. 309 § 105), relating to liens for farm labor, it is provided that the lien given to laborers for working upon and growing farm crops is superior to all other liens thereon, including that of a prior chattel mortgage; and this was upheld in *Sitton v. Dubois,* 14 Wash. 624, 45 Pac. 303. It appears to us that the court misconstrued the decision in the Wisconsin case cited, and that his construction of the law in this case was not in harmony with our statutes and decisions.

II. Respondents maintain that, at any rate, there was no eloignment shown in this case as eloignment has been defined by us in the case of *Garneau v. Port Blakely Mill Co.,* 8 Wash. 467, 36 Pac. 463. In that case it was said:

"But the new law introduces a new ground of damage, viz., 'eloignment', and it was to the charge of eloignment alone that there was any testimony in the case against appellant. To 'eloign' is to take away beyond the jurisdiction, or to conceal, so that under the new law it is possible that the construction would be that the mere removal of logs under lien from the county would cause the right of action for damages to accrue. . . ."

The construction of the word "eloignment" or removal or concealment of the liened chattel is immaterial here, for the reason that there are other acts and conditions under the statute which render third persons liable to the lienor as conversioners, viz., rendering difficult, uncertain or impossible of identification.

III.    The evidence shows that both Lonneker and the defendants instructed the warehouseman where the wheat was hauled to issue receipts therefor to defendants.   The wheat, accordingly, as fast as it came in, was commingled with other wheat in the warehouse and not marked or identified as the wheat of Lonneker taken from the land and crop upon which appellant performed the labor, but marked and identified as the wheat of defendants.   It would be hard to see how anything could be done to render the wheat raised by Lonneker, upon which appellant's lien existed, more difficult, uncertain, or impossible of identification.   Appellant had an adjudicated lien upon the wheat at the time of the transaction between Lonneker and the respondents.   It is common learning that a purchaser of real or personal property, pending litigation concerning the title or the validity of a lien thereon, takes the property subject to the rights of the plaintiff as settled by the final decree or judgment of a court.   *Bergman v. Inman,* 43 Ore. 456, 72 Pac. 1086, 73 Pac. 341, 99 Am. St. 771.

"The law is, that he who intermeddles with property in litigation does it at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset."   *Tilton v. Cofield,* 93 U. S. 163.

It can make no difference in this respect whether the action is to foreclose the lien or to recover damages under the statute for destroying or confusing the identity of the property covered by it.   *Bergman v. Inman, supra.*

There is no doubt, therefore, in our opinion, that appellant is entitled to recover.   The judgment is reversed, and the cause remanded with instructions to enter judgment for appellant.

Morris, C. J., Bausman, Parker, and Main, JJ., concur.